**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| YVES DUVAIS, | : | **Hon. Joseph A. Greenaway, Jr.** |
| Petitioner, | : | Civil Action No. 04-741 (JAG) |
| v. | : |  |
| TERRANCE MOORE, | : | **O P I N I O N** |
| Respondent. | : |  |

**APPEARANCES:**

>   YVES DUVAIS, #933095B
>   East Jersey State Prison
>   Lock Bag R
>   Rahway, New Jersey  07065
>   Petitioner pro se
>
>   LINDA K. DANIELSON, Deputy Attorney General
>   ATTORNEY GENERAL OF NEW JERSEY
>   Division of Criminal Justice - Appellate Bureau
>   P.O. Box 086
>   Trenton, New Jersey  08625
>   Attorneys for Respondents

**GREENAWAY, JR.**, District Judge

Yves Duvais filed a Petition for a Writ of Habeas Corpus pursuant, to 28 U.S.C. § 2254(a), challenging a conviction in the Superior Court of New Jersey.  Respondents filed an Answer, with relevant portions of the state court record, arguing that the Petition should be dismissed on the merits.  For the reasons expressed below, this Court dismisses the Petition with

prejudice and declines to issue a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on September 25, 2000, in the Superior Court of New Jersey, Law Division, Essex County, after a jury convicted him of first degree aggravated manslaughter, unlawful possession of a weapon, and possession of a weapon for an unlawful purpose.  The Law Division merged the weapons offenses and sentenced Petitioner to a 13-year term of imprisonment, with an 85% parole ineligibility period on the manslaughter charge, and a concurrent four-year term on the weapons charges.  Petitioner appealed, and in an opinion filed January 2, 2003, the Appellate Division of the Superior Court of New Jersey affirmed.  State v. Duvais, No. A-3324-00T4 slip op. (App. Div. Jan. 2, 2003). On February 28, 2003, the Supreme Court of New Jersey denied certification.  State v. Duvais, 175 N.J. 550 (2003) (table).

On February 9, 2004, Petitioner executed his § 2254 Petition and handed it to prison officials for mailing to the Clerk of the Court.  The Clerk received it on February 13, 2004.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).

The Petition presents two grounds:

> Ground One:  THE TESTIMONY OF INVESTIGATOR
> RICHARD GREGORY WHICH INTRODUCED THE
> ADMISSION OF A NON-TESTIFYING CODEFENDANT

>ALBERT'S STATEMENT INTO THE TRIAL AND HIS TESTIMONY ABOUT PETITIONER HAD A CRIMINAL RECORD, VIOLATED PETITIONER'S RIGHT TO CONFRONT WITNESS AGAINST HIM AS WELL AS HIS RIGHT TO HAVE A FAIR AND IMPARTIAL TRIAL, IN VIOLATION OF THE SIXTH AMENDMENT OF CONFRONTATION AND THE FOURTEEN [sic] AMENDMENT UNDER THE FEDERAL AND STATE CONSTITUTIONS.  U.S. CONST. AMEND. VI, XIV.
>
>Ground Two:  THE TRIAL COURT ERRED IN ADMITTING THE OUT-OF-COURT PHOTOGRAPHIC IDENTIFICATION BY EDSON ELYSEE DESPITE THE ABSENCE OF ANY EVIDENCE OF ITS RELIABILITY OR THE FAIRNESS OF THE IDENTIFICATION PROCEDURE.  THE COURT FURTHER FAILED TO PROVIDE THE JURY WITH AN IDENTIFICATION CHARGE WITH RESPECT [TO] THE OUT-OF-COURT IDENTIFICATION BY ELYSEE AND JEAN VOLTAIRE, THEREBY DEPRIVING PETITIONER OF HIS RIGHT TO A FAIR TRIAL UNDER THE UNITED STATES AND THE NEW JERSEY CONSTITUTIONS.  U.S. CONST., AMEND. XIV.

(Pet. ¶¶ 12.A., 12.B.)

The State filed an Answer seeking dismissal of the Petition, arguing that, to the extent the grounds assert federal claims, they do not satisfy the standard for habeas relief.

## II.  STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)).  The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested.  See 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[1] Nor may the Court recharacterize a ground asserted under state law into a federal constitutional claim.[2] "[E]rrors of state law cannot be repackaged as federal errors simply

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[2] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the
(continued...)

4

by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002). Where a federal claim was "adjudicated on the merits"[3] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

---

[2](...continued)
correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

[3] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001)). A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. Rompilla, 355 F.3d at 247.

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.  Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. Id. at 409-10.

A court begins the analysis by determining the relevant clearly established law. See Yarborough v. Alvarado, 541 U.S. 652, __, 124 S.Ct. 2140, 2147 (2004).  Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412.  A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

6

### III.  DISCUSSION

A.  Confrontation Clause

In Ground One, Petitioner raises three claims.  First, he contends that the admission of the out-of-court statement of his non-testifying co-defendant violated his Sixth Amendment right to confront witnesses and his Fourteenth Amendment right to a fair trial.  Second, he claims that the admission of detective Gregory's statement that the name "Yves" kept coming up in the investigation violated his Sixth and Fourteenth Amendment rights.  Third, Petitioner argues that detective Gregory's unsolicited testimony that Petitioner had a criminal record violated the Sixth and Fourteenth Amendments.

The admissibility of evidence is generally a question of state law which is not cognizable under habeas review.  See Keller v. Larkins, 251 F.3d 408, 416 n.2 (3d Cir. 2001); Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978).  However, the Sixth Amendment's Confrontation Clause confers rights that cannot be satisfied merely by meeting the requirements of the rules of evidence.  The Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him."  This guarantee applies to both federal and state prosecutions.  Pointer v. Texas, 380 U.S. 400 (1965).

In Bruton v. United States, 391 U.S. 123 (1968), the Supreme Court held that the admission at a joint trial of a non-testifying co-defendant's confession which also names defendant as a participant in the crime violates the Confrontation Clause, even when the court gives a limiting instruction.  But in Richardson v. Marsh, 481 U.S. 200, 208 (1987), the Supreme

Court clarified that the co-defendant's confession or statement must incriminate the defendant on its face to give rise to a <u>Bruton</u> violation.[4]

In this case, the trial court admitted co-defendant Albert's redacted statement to police regarding the fight outside Ruzeau's Manor. In the statement, Albert claimed that Emanuel and Nestle had fought with the victim but he does not implicate Petitioner in connection with the fight. However, when the police officer asked Albert if he knew Yves, Albert stated that he worked with Yves at the Ruth Chris Steak House and described Yves as being tall, dark skinned, about 25 years old, missing a front tooth, and having short hair and a bumpy face.

The Appellate Division rejected Petitioner's Confrontation Clause claim regarding Albert's redacted statement because the statement did not incriminate Petitioner. Specifically, the Appellate Division opined:

> Defendant now argues for the first time on appeal that Albert's statement should have been further redacted to omit any reference to him, including the fact that Albert knew defendant and worked with him. We disagree. Simply put, Albert's statement did not implicate defendant and therefore no potential for prejudice to defendant existed in its admission . . . . On the contrary, the portion of Albert's statement read to the jury made it clear that defendant was not named by Albert as a participant in the fight in which Benito was struck with a bat, but rather two other men, Emanual and Nestle, were identified as the assailants who leveled the fatal blows.

<u>State v. Duvais</u>, No. A-3324 -00T4 slip op. at 18 (App. Div. Jan. 2, 2003).

---

[4] Specifically, the <u>Richardson</u> Court held that the Confrontation Clause is not offended when the confession is redacted to eliminate any reference to defendant but the defendant is nonetheless linked to the confession by other evidence.

The Appellate Division also rejected Petitioner's claim that officer Gregory's testimony that the name "Yves" kept "coming up" in the course of the investigation violated the Confrontation Clause. The Appellate Division determined that,

> [a]s with the challenged portions of Albert's redacted statement, Detective Gregory's discussion of defendant was not rendered in the incriminatory sense of identifying defendant as Benito's assailant, but rather only in the fairly innocuous context of providing additional information about defendant's own identity . . . . there is no logical implication from Gregory's testimony that non-testifying witnesses had given police evidence of defendant's guilt and therefore there was no violation of defendant's Sixth Amendment right to be confronted by witnesses against him.

State v. Duvais, slip op. at 21-23.

This Court finds that the New Jersey courts' adjudication of the Confrontation Clause claims regarding the admission of Albert's redacted statement and detective Gregory's testimony that the name "Yves" kept coming up in the investigation was not contrary to, or an unreasonable application of, Bruton and its progeny because the challenged statements did not on their face incriminate Petitioner as a participant in the crime.[5]  See Priester v. Vaughn, 382 F.3d 394, 400 (3d Cir. 2004) (distinguishing out-of-court statements that directly incriminate the petitioner and those which do not facially incriminate the petitioner but may do so only when linked with evidence introduced later at trial); United States v. Lane, 752 F.2d 1210, 1216 (7th Cir. 1985)

---

[5] The Supreme Court held in 2004 that the Confrontation Clause bars the admission of nontestimonial hearsay which incriminates the defendant unless the declarant is unavailable and defendant had a prior opportunity for cross examination. Crawford v. Washington, 541 U.S. 36, 68 (2004). Even if Crawford governed, which it does not because it was not clearly established until 2004, it would not affect the outcome here because none of the challenged statements directly implicated Petitioner in the crime.

(statement "did not necessarily implicate" accused); United States v. Jenkins, 785 F.2d 1387, 1393 (9th Cir. 1986) (statement did not "directly implicate" accused).

Petitioner's third claim in Ground One, that detective Gregory's unsolicited reference to his criminal record violated his Sixth and Fourteenth Amendment rights, likewise does not warrant habeas relief.  The admission of this testimony did not violate the Bruton line of cases because the brief reference to the fact that Petitioner had a criminal record did not directly implicate Petitioner in the crime.  Moreover, there was no Confrontation Clause issue because Gregory testified and was subject to cross examination.  This Court finds that the New Jersey courts' adjudication of Petitioner's claim regarding the admission of "other crimes" evidence was not contrary to, or an unreasonable application of, Supreme Court precedent.  See Minett v. Hendricks, 135 Fed. Appx. 547 (3d Cir. 2005) (rejecting claim that admission of "other crimes" evidence is contrary to, or an unreasonable application of, clearly established Supreme Court precedent); see also Estelle v. McGuire, 502 U.S. 62 (allowing evidence of prior injuries in a trial for infant murder); Spencer v. Texas, 385 U.S. 554 (1967) (rejecting due process challenge to admission of evidence of prior similar crimes when judge gives limiting instruction).  Based on the foregoing, Petitioner is not entitled to habeas relief on any of the claims asserted in Ground One.

B.  Admission of Identification Evidence

In Ground Two, Petitioner challenges the admission of the out-of-court identification by a witness for the state and the trial court's failure to instruct the jury regarding the identification. Specifically, Petitioner asserts in Ground Two:

>THE TRIAL COURT ERRED IN ADMITTING THE OUT-OF-COURT PHOTOGRAPHIC IDENTIFICATION BY EDSON ELYSEE DESPITE THE ABSENCE OF ANY EVIDENCE OF ITS RELIABILITY OR THE FAIRNESS OF THE IDENTIFICATION PROCEDURE.  THE COURT FURTHER FAILED TO PROVIDE THE JURY WITH AN IDENTIFICATION CHARGE WITH RESPECT [TO] THE OUT-OF-COURT IDENTIFICATION BY ELYSEE AND JEAN VOLTAIRE, THEREBY DEPRIVING PETITIONER OF HIS RIGHT TO A FAIR TRIAL UNDER THE UNITED STATES AND THE NEW JERSEY CONSTITUTIONS.  U.S. CONST., AMEND. XIV.

(Pet. ¶ 12.B.)

The admissibility of evidence is a question of state law which is not cognizable under habeas review.  See Keller v. Larkins, 251 F.3d 408, 416 n.2 (3d Cir. 2001) ("A federal habeas court, however, cannot decide whether the evidence in question was properly allowed under the state law of evidence"); Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978) ("As to the contention that the trial court erred in admitting the victim's testimony of a prior flirtatious conversation, we find that, if there was any error in the court's ruling . . . that error was at best one of interpretation of the state's law of evidence and did not arise to constitutional dimensions").  Because the admission of testimony regarding the out-of-court identification of Petitioner did not violate clearly established federal law, as determined by the Supreme Court, Petitioner is not entitled to habeas relief for the admission of the identification testimony.

Additionally, Petitioner is not entitled to habeas relief on his claim that the trial court failed to instruct the jury on the law regarding identification.  A habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions . . . must include particular provisions" or demonstrate that the  instructions "deprived him of a defense which

11

federal law provided to him." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).  This is because district courts do not "sit as super state supreme courts for the purpose of determining whether jury instructions were correct under state law with respect to the elements of an offense and defenses to it" Id.[6]  As Petitioner does not show that the failure to instruct was contrary to, or involved an unreasonable application of, Supreme Court precedent, habeas relief on the instruction claim presented in Ground Two is not warranted.

C.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).


    S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.


DATED:   December 9  , 2005

---

[6] See also Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982) ("If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable.  It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts"); Geschwendt v. Ryan, 967 F.2d 877, 888-90 (3d Cir. 1992).